IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED

NOV 25 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOHNNIE L. REED,

    **Plaintiff**

v.                                       **CIVIL NO. 2:12cv175**

ED WILSON,

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court on Johnnie L. Reed's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition"). ECF No. 1. For the reasons set forth herein, the Court **DISMISSES** Petitioner's § 2241 Petition.

### I.    PROCEDURAL HISTORY

On February 6, 2008, a four-count Indictment against Petitioner was filed in this Court, charging him with various cocaine- and firearms-related charges. Ind., Case No. 2:08cr23, ECF No. 1. Petitioner pled guilty before the undersigned to Counts One (Possession with Intent to Distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)) and Three (Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1)) of the Indictment on April 16, 2008. Plea Agmt., Case No. 2:08cr23, ECF No. 14.

At his sentencing, Petitioner was classified as a Career Offender pursuant to Sentencing Guidelines § 4B1.1(a) based on his prior convictions of "possession with intent to sell cocaine," Hab. Pet. 8, ECF No. 1, and sentenced to 321 months imprisonment on Count One and 120 months imprisonment on Count Three (to be served concurrently with the Count One sentence), Jdgmt., Case No. 2:08cr23, ECF No. 22.

1

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on February 5, 2009, Case No. 2:08cr23. ECF No. 26. That Motion was denied by the Court in an Order entered August 28, 2009. Case No. 2:08cr23, ECF No. 43. On November 7, 2011, Petitioner filed a MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. Case No. 2:08cr23, ECF No. 55. It was denied on December 1, 2011, Case No. 2:08cr23, ECF No. 55.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 2, 2012. ECF No. 1.

## II. THE INSTANT PETITION FOR WRIT OF HABEAS CORPUS MUST BE DISMISSED

To begin, the Court notes that it may exercise jurisdiction over the instant § 2241 Petition. Unlike § 2255 Motions, which must be filed in the District Court which sentenced the petitioner, a § 2241 Petition must be filed in the District Court having jurisdiction over the petitioner's "immediate custodian." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008). In other words, a petitioner must file his § 2241 petition in the District Court in whose district he is held in custody. Id. Because Petitioner in this matter is imprisoned in Petersburg, Virginia, which is in the Eastern District of Virginia, this Court properly has jurisdiction over the instant § 2241 Petition.

### A. STANDARD OF REVIEW

A prisoner's habeas petition must generally be brought as a § 2255 motion. Id. at 267. A habeas petition brought under § 2241 is only proper when the "savings clause" of § 2255 is applicable: when § 2255 "is inadequate and ineffective to test the legality of a conviction." 28 U.S.C. § 2255(e). There are three requirements for § 2255's savings clause to apply:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

2

appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

Section 2255's savings clause, however, does not extend to challenges to a prisoner's sentence—it only applies when a prisoner challenges his conviction itself. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) ("In addition to the language in Jones that refers only to the conduct of conviction, we have also noted that we have not 'extended the reach of the savings clause to those petitioners challenging only their sentence.'" (quoting Poole, 531 F.3d at 267 n.7)). A prisoner who alleges actual innocence of prior convictions that served to enhance his sentence, rather than actual innocence of the crime for which he is currently imprisoned, may not use § 2241 as a vehicle to bring a habeas petition. Id. (noting that Fourth Circuit cases "have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction" and declining to extend the clause to allow prisoners to "challenge a sentencing enhancement using § 2241 based on a claim of 'actual innocence' of the enhancement" alone); see also Farrow v. Revell, 2013 WL 5546155 at *1 (4th Cir. Oct. 9, 2013) ("[W]e conclude, as the district court did, that [the petitioner's] challenge to his armed career criminal status is not cognizable in a § 2241 petition.").

### B. THE INSTANT PETITION DOES NOT QUALIFY UNDER SECTION 2255'S SAVINGS CLAUSE AND THUS MUST BE DISMISSED

Petitioner's instant § 2241 Petition, even when liberally construed, does not qualify under § 2255's savings clause. Petitioner's only claim asserted, as far as the Court can discern, is that he is "factually innocent of the legal requirement for [a Career Offender] enhancement" under the Sentencing Guidelines because rather than the requisite two prior convictions, "[h]e has only one." § 2241 Pet. 7, ECF No. 1. Elsewhere in his § 2241 Petition, he also argues that "possession

with intent to sell cocaine is not a crime of violence as defined in [Sentencing Guidelines] Section 4B1.2." id. at 9, which would presumably imply that both, not just one, of his prior convictions were impermissible grounds upon which to classify him as a Career Offender for federal sentencing purposes.[1]

However, in addition to his claims' utter lack of merit, a § 2241 Petition is not the proper vehicle for Petitioner to challenge sentencing enhancements. A claim of actual innocence of the sentencing enhancements does not fall within the § 2255 savings clause and thus cannot be brought in a § 2241 petition. Darden, 426 F. App'x at 174. Collateral attacks on a sentence imposed rather than the conviction itself can only be brought as a § 2255 motion. Id. Because the instant § 2241 Petitioner does not fall within § 2255's savings clause, it must be **DISMISSED**. ECF No. 1.

### III. CONCLUSION

Petitioner challenges his sentence in the instant § 2241 Petition. However, because his claims do not fall within § 2255's savings clause for when that Section "is inadequate and ineffective to test the legality of a conviction," his § 2241 Petition cannot proceed. Moreover, because Petitioner has previously filed a § 2255, he must apply to the Fourth Circuit for authorization to file a second or successive petition under that statute. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)(2). For these reasons, the instant § 2241 Petition, ECF No. 1, is **DISMISSED**.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all Counsel of Record and to Petitioner.

---

[1] Of course, this latter claim fails to recognize that Sentencing Guidelines § 4B1.1 allows either crimes of violence or controlled substance offenses to support a classification as a Career Offender. USSG § 4B1.1(a) (requiring as one of three prongs that "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense" in order for the defendant to be considered a Career Offender).

IT IS SO ORDERED.

/s/
Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
November __, 2013